UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **OASIS FOCUS FUND LP,** § <br> **QUADRE INVESTMENTS, L.P.,** § <br> *Plaintiffs* § <br> § <br> **v.** § <br> § <br> **HISAYUKI IDEKOBA,** § <br> *Defendant* § <br> § | No. 1:23-MC-00239-LY |

## ORDER

Before the Court is Oasis Focus Fund and Quadre Investments, LP's Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. Dkt. 1. Movants have filed a Certificate of Service, Dkt. 6, averring that they have served respondent Hisayuki Idekoba, an alleged Austin resident, with their Application and the accompanying exhibits.

A party seeking discovery under Section 1782 must satisfy three initial statutory requirements: "(1) the person from whom discovery is sought must reside or be found in the district in which the application is filed; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the application must be made by a foreign or international tribunal or 'any interested person.'" *Bravo Express Corp. v. Total Petrochemicals & Ref. U.S.*, 613 F. App'x 319, 322 (5th Cir. 2015) (per curiam). If the court determines that the party seeking discovery has satisfied these requirements, it must then consider four discretionary factors: "(1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding,'

1

because 'nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach' and therefore their evidence may be 'unobtainable absent [Section 1782] aid'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the [Section 1782] request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the [Section 1782] request is 'unduly intrusive or burdensome.'" *Id.* at 323-24 (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

Idekoba, who is the President, CEO, and a Director on the board of Recruit Holdings Co., Ltd., has not responded to Petitioner's Application. Local Rules for the Western District of Texas Rule CV- 7(d)(2) provides:

> Time limits. A response to a discovery or case management motion shall be filed not later than 7 days after the filing of the motion. A response to other motions shall be filed not later than 14 days after the filing of the motion, except as provided by Rule CV-15. If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed.

Because Idekoba has been served and not responded, the undersigned **GRANTS AS UNOPPOSED** Oasis Focus Fund and Quadre Investments, LP's Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding, Dkt. 1, and affords Petitioners the following relief: Petitioners are authorized to serve the subpoena set out at Exhibit 1 to the Declaration of Duane L. Loft, Dkt. 1-3, at 4-18, on Idekoba. Petitioner's Motion for Entry of Order of Judicial Assistance Pursuant to 28 U.S.C. § 1782, Dkt. 11, is **DENIED AS MOOT**, as the

relief requested therein has already been addressed. It is **FURTHER ORDERED** that this cause of action is **CLOSED**.

SIGNED April 3, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE